UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
                                    :

KENNETH D. PASKAR and FRIENDS OF    :
LAGUARDIA AIRPORT, INC.,
                                      :

              *Plaintiffs*,         :

    -*against*-                  :      13 Civ. 5897 (PAC)

                                   :

THE CITY OF NEW YORK and NEW YORK  :
CITY DEPARTMENT OF SAN ITATION,    :     **OPINION & ORDER**
                                   :

             *Defendants*.      :

                                   :
------------------------------------------------------------X

HONORABLE PAUL A. CROTTY, United States District Judge:

On August 21, 2013, Kenneth D. Paskar in his individual capacity and as President of

Friends of LaGuardia Airport, Inc. ("FOLA") (collectively "Plaintiffs") brought a citizen action

against the City of New York and the New York City Department of Sanitation (collectively

"Defendants") under § 7002(a)(1)(A) of the Resource Conservation and Recovery Act

("RCRA"). 42 U.S.C. § 6972(a)(1)(A). Plaintiffs sought a declaratory judgment, injunctive

relief, imposition of civil penalties, and an award of costs, including reasonable attorneys' fees

and expert witnesses' fees. Plaintiffs alleged that Defendants: 1) violated RCRA § 258 by failing

to notify the Federal Aviation Administration ("FAA") and the operator of LaGuardia Airport

before constructing the North Shore Marine Transfer Station ("NSMTS"), and failing to

demonstrate that the NSMTS would not create bird hazards; and 2) violated 49 U.S.C. §

44718(a) by failing to provide adequate notice of NSMTS's impact on air safety due to increased

bird strikes.

On March 10, 2014, the Court dismissed the Complaint, holding: 1) the NSMTS is not a

landfill and therefore is not governed by RCRA § 258; and 2) there is no private right of action under 49 U.S.C. § 44718.  (Order of March 10, 2014 at 8, 12.)  Defendants now move to recover attorneys' fees in the amount of $69,675 from Plaintiffs under Federal Rule of Civil Procedure 54(d) and RCRA § 6972(e).  Defendants' motion is denied.

Under RCRA § 6972(e), a court may award reasonable attorneys' fees to the "prevailing or substantially prevailing party, whenever the court determines such an award is appropriate." Indisputably, Defendants prevailed, but the Court cannot say that Plaintiff's action was so "frivolous, unreasonable, or groundless," *see Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 422 (1978), that an award of attorneys' fees is appropriate.

## CONCLUSION

Defendants' attorney's motion for fees is denied.

Dated: New York, New York
June 17, 2014

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge

2